UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARION LEON BEA, | Civil No. 09-2600 (JAP) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON, | |
| Defendant. | |

IT APPEARING THAT:

1. Plaintiff, a prisoner confined at Wallen Ridge State Prison in Big Stone Gap, Virginia, submitted to the Clerk for filing a pro se Complaint with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

2. In the Complaint, Plaintiff asserts that on April 23, 2004, the Circuit Court of Arlington County, Virginia, sentenced him to a 10-year term of incarceration.  Plaintiff challenges the judgment of conviction on constitutional grounds, claiming that the court imposing the judgment lacked jurisdiction.

3. The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

4. While incarcerated, Plaintiff has had at least three prior civil actions dismissed by a federal court on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. See Bea v. Koerner, Docket No. 04-0718 (TSE) docket entry #3 (E.D. Va. Aug. 2, 2004); Bea v. Arthur, Docket No. 04-0802 (TSE) docket entry #4 (E.D. Va. Aug. 23, 2004); Bea v. Gills, Docket No. 04-0912 (TSE) docket entry #4 (E.D. Va. Aug. 23, 2004).

5. The facts asserted in the instant Complaint do not show that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001).

6. Based on the foregoing, this Court will deny Plaintiff's application to proceed in forma pauperis and administratively terminate this matter. Plaintiff is advised that the exclusive federal remedy for an inmate challenging a state conviction is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which must be brought in the District Court with jurisdiction over the Circuit Court of Arlington County, Virginia.

7. An appropriate Order accompanies this Memorandum Opinion.

/s/     JOEL A. PISANO
United States District Judge